# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-21-00153-PRW ) |
| DAQUAN PHILIP JARRETT, ANTHWON AUSTIN SEARS, and NIAJAE KHELYN VERNON, | ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

On July 27, 2021, Defendants, Daquan Phillip Jarrett, Anthwon Austin Sears, and Niajae Khelyn Vernon, filed an unopposed motion to continue the motion deadline and trial setting (Dkt. 67). Defendant asks this Court to continue the August 2021 trial to the Court's September 2021 trial docket and extend the deadline to file any pretrial motions to August 24, 2021. The motion also states that the Government does not object to the requested extension.

Several reasons are given for the requested extension. Specifically, defense counsel states that it needs additional time to complete the discovery process, as defense counsel has requested additional discovery material and the Government is still working to produce those materials. Defense counsel states that outstanding discovery may include evidence material to the defense.

The Speedy Trial Act gives the Court the discretion to "accommodate limited delays for case-specific needs."[1] Among the situations justifying a delay in bringing a case to trial is when the granting of a continuance best serves the ends of justice.[2] One of the factors the Court is to consider in determining whether to grant an extension or continuance is the necessity to provide counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[3]

Upon careful consideration of the Defendant's unopposed motion and the ends of justice, the Court finds that the need for a continuance outweighs the interests of the Defendant and the public in a speedy trial.[4] Specifically, the Court finds an extension is necessary to allow the parties to complete discovery and to allow defense counsel a reasonable amount of time to prepare their case. The Court finds that denying counsel adequate time to prepare would result in a miscarriage of justice by denying counsel sufficient time to discharge his obligations. In making its findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and with precedent.[5] The Court expressly finds the denial of this motion would unreasonably deny Defendants the reasonable time necessary for effective preparation, taking into account due diligence

---

[1] *Zedner v. United States*, 547 U.S. 489, 499 (2006).

[2] 18 U.S.C. § 3161(h)(7)(A).
[3] 18 U.S.C. § 3161(h)(7)(B)(iv).

[4] 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009).

[5] *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269.

by counsel. Further, no circumstance is present that would prohibit a continuance under § 3161(h)(7)(C). Therefore, the Court finds the period of delay caused by the granting of this motion is excludable for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) (2012).

Accordingly, this Court hereby **GRANTS** the Motion (Dkt. 67) and **STRIKES** this case from the August 2021 trial docket and **RESETS** it on the Court's September 2021 trial docket. Finally, the deadline to file any pretrial motions is **EXTENDED** to August 24, 2021. This timing will allow the Court to timely review and set any pretrial motions for hearing, if necessary, before the new jury trial date.

**IT IS SO ORDERED** this 28th day of July 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE